## Kaciuban, Appellant, v. Philadelphia & Reading Railway Company.

*Railroads—"Stop, look and listen"—Grade crossing.*

In an action against a railroad company to recover damages for personal injuries, the plaintiff is guilty of contributory negligence where the evidence shows that at the time of the accident plaintiff approached a grade crossing, that although he looked before he came to the track, he afterwards proceeded and was struck either before he reached the track, or as soon as he came to the first rail, that the engine that struck him was going at the rate of five miles per hour, and that the view of the plaintiff was unobstructed for 121 feet, and any glance in the direction of the engine would have prevented the accident.

Argued Nov. 16, 1914. Appeal, No. 10, Oct. T., 1912, by plaintiff, from judgment of C. P. Del. Co., Sept. T., 1909, No. 17, for defendant n. o. v. in case of Bartek Kaciuban v. Philadelphia & Reading Railway Com-

pany.  Before RICE P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before BROOMALL, J.

At the trial it appeared that plaintiff was injured on May 4, 1909, at about 6.15 o'clock in the evening while about to cross defendant's railway tracks at Front and Thurlow streets in the city of Chester.

The circumstances of the accident are stated in the opinion of the Superior Court.

The jury returned a verdict for plaintiff, but the court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*John DeH. White*, with him *Kingsley Montgomery*, for appellant.

*William I. Schaffer*, with him *John J. Stetser*, for appellee.

OPINION BY TREXLER, J., April 19, 1915:

It is hard to conceive in this case how the plaintiff could have been injured had he exercised the least degree of caution.  The engine that struck him was coming, tender ahead, at the rate of but five miles per hour.  He was struck before he reached the track or as soon as he came to the first rail.  Although he had looked before he came to the track he afterwards proceeded, apparently oblivious of his surroundings.  Under such circumstances a verdict for the plaintiff could not be sustained.  The speed at which the train approached was an important element in the case.  The undisputed testimony is that the engine came slowly.  Neither the plaintiff, or the brother who testified in his behalf knew how the engine struck the plaintiff.  The only testimony of the plaintiff in this regard was that the engine which

struck him was not visible within forty feet of him because the track curved into the mill; his theory evidently being that the engine came toward him, not on the straight track but on a curved track running into the mill.   He however did not remember which engine struck him.   There was nothing in plaintiff's testimony to show upon which track the engine which struck him was.   The only testimony to this effect is that of the brother who states that the engine which struck the plaintiff came "from the mill from the yard because it was the only track that it could come on."   But as he testified that he did not see the engine, this statement loses its force as it is only an inference not supported by any facts.   On the contrary, the defendant produced four witnesses who testify positively and who were in a position to know that the engine which struck the plaintiff came on the straight track going at a low rate of speed, so slowly that it was brought to a stop within fifteen feet and that the plaintiff was injured as soon as he put his foot upon the track.   His view of the track was open for a long distance.   Certainly under such facts there can be recovery.   Even adopting plaintiff's view of the case, the drafts offered, the correctness of which is not disputed, show that the view of the plaintiff was unobstructed for 121 feet up to the gate and that at the rate that the engine was approaching any glance in the direction of the engine would have prevented the accident.   At the point he claims to have looked a car approaching at the rate of five miles per hour would necessarily have been seen by him and have been continually visible until it struck him.

We think the case of Carroll v. Penna. R. R. Co., 12 W. N. C. 348, applies.   Every fair conclusion that can be drawn from the evidence is that the plaintiff put himself in a position of danger without looking where he was going or taking the precaution which he was bound to take.

Judgment affirmed.